In re **WARWICK LUMBER & SUPPLY CO., INC.,** Debtor.

**Bankruptcy No. 90–12285.**

United States Bankruptcy Court, D. Rhode Island.

April 6, 1993.

---

Kevin D. Heitke, Portnoy, Craven & Heitke, Westerly, RI, Marvin R. Hodosh, Warwick, RI, for debtor.

Office of the U.S. Trustee, John Fitzgerald, Boston, MA.

### AMENDED ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on March 23, 1993 on the Debtor's Amended Application to Approve Collection and Settlements of Accounts Receivable. At hearing, the Court inquired of counsel concerning the reasonableness of the proposed settlements, particularly that of

charged, and even signed a sworn statement acknowledging the potential risks of not defending the suit.

Warwick Building & Maintenance for $3,585, in light of a prior judgment held by the Debtor in the amount of $7,665. Counsel[1] related to us the three criteria usually considered by collection counsel in determining settlement recommendations, and attempted to explain the application of each factor to this particular settlement, but we find neither the stated criteria[2] nor the proffered factual explanation to be sufficient. Accordingly, the Debtor's Application for Approval of Settlements is DENIED, as to the proposed compromise with Warwick Building & Maintenance, but is GRANTED as to the remaining three, mainly because of the insignificant amounts involved.

As future guidance to counsel herein, and generally to attorneys planning to file applications to compromise in this Court, we offer the following advice. This Court has noticed what appears to be a growing leniency with which certain account debtors are treated by certain bankruptcy trustees, and we wish to make clear that there is no automatic 40, 50, or 60 (or whatever) percent discount to such debtors merely because the creditor happens to be in bankruptcy. Accordingly, trustees and their counsel are advised that, henceforth, we will expect motions of this nature to contain enough detail for the Court to evaluate the reasonableness of the proposed settlement, based upon and including the legal and factual reasons therefor, and that boilerplate language to the effect that "litigation is expensive and therefore this settlement is in the best interest of the estate," or that the proposed settlement should be approved because "the defendant has denied all of the allegations in the complaint," will be deemed insufficient.

Finally, it is ORDERED that future receivables collected in this case shall be deposited directly into the Debtor in Possession's bank account, without deduction of counsel fees, which may be paid only after application, notice, hearing, and allowance by the Court.

Enter Judgment consistent with this opinion.

---

1. We were disadvantaged because the attorney handling these collections, and who apparently is deducting counsel fees without prior court authorization, failed to appear at the hearing. Instead, the Debtor's general bankruptcy counsel appeared and, although not familiar with the subject matter of the application, attempted (albeit unsuccessfully) to respond to our inquiries.

2. Of the three criteria listed: (1) the status of the Defendant corporation; (2) the status of the economy in the area; and (3) the assets of the Defendant, the only one we considered helpful was the first one, which is essentially the same as number 3. Other than a conclusory remark as to its limited assets, however, counsel could not provide any information about the status of the account debtor, or why its liability should be reduced by $4,080.